**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:96CR154 |
| | ) | |
| v. | ) | |
| | ) | |
| EDUARDO AVALOS LUNA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody (§ 2255) (Filing No. 134), and defendant's motion to preserve a Booker claim (Filing No. 133).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

This court entered a Memorandum, Opinion, and Order denying and dismissing the defendant's previous § 2255 motion on July 10, 2000. (Filing No. 122). On September 5, 2000, defendant filed a notice of appeal requesting a certificate of appealability to appeal

this court's July 10, 2000 Order.  (Filing No. 123).  On September 25, 2000, this court

issued an Order denying defendant a certificate of appealability.  (Filing No. 125).  On

January 12, 2001, the Eighth Circuit affirmed this decision entering a Judgment denying

the defendant's application for a certificate of appealability.  (Filing No. 128).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.  No.

104-132, 110 Stat. 1214, amended 28 U.S.C. § 2244(b) to preclude the filing of any

subsequent habeas corpus petitions absent certification by a panel of the appropriate court

of appeals.  Furthermore, 28 U.S.C. § 2255 provides that a second or successive § 2255

motion may not be filed without prior appellate court approval in the manner provided in

28 U.S.C. § 2244 stating in pertinent part:

> A second or successive motion must be certified as provided
> in section 2244 by a panel of the appropriate court of appeals
> to contain--
>
> (1) newly discovered evidence that, if proven and viewed in
> light of the evidence as a whole, would be sufficient to
> establish by clear and convincing evidence that no reasonable
> factfinder would have found the movant guilty of the offense;
> or
>
> (2) a new rule of constitutional law, made retroactive to cases
> on collateral review by the Supreme Court, that was previously
> unavailable.

See also In re Sims, 111 F.3d 45, 46 (6th Cir. 1997): "The new restrictions on successive

petitions constitute a modified res judicata rule, a restraint on what is called in habeas

corpus practice 'abuse of the writ.'"  The Eighth Circuit has indicated that when, as in this

case, a second or successive § 2255 motion is filed in the district court without prior

compliance with the certification requirement, the motion should be dismissed for lack of

jurisdiction. See Boykin v. United States, No. 99-3369, 2000 WL 1610732 (8th Cir. Oct. 30, 2000) (Table, text in Westlaw).

Because the Eighth Circuit has not approved an application by defendant to file a successive §2255 petition, this court lacks the power and authority to entertain defendant's § 2255 motion.

With respect to defendant's motion to preserve a Booker claim, a claim is preserved by raising it in the court below, the court sees no further action that needs to be taken on this motion.

THEREFORE, IT IS ORDERED:

1.     The defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 134) is denied;

2.     The defendant's Motion to preserve a Booker claim (Filing No. 133) is denied;

3.     A separate Judgment will be issued; and

4.     The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 14th day of March, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge