IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:96CR154 |
| | ) | |
| v. | ) | |
| | ) | |
| EDUARDO AVALOS-LUNA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion for reconsideration of filing no. 135, the court's Memorandum and Order denying defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion). (Filing No. 137.) In his motion, defendant argues that the court erred by not assuming jurisdiction of his § 2255 motion under the All Writs Act 28 U.S.C. § 1651. However, as discussed in the court's previous Order, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended 28 U.S.C. § 2244(b) precludes the filing of any subsequent habeas corpus petitions absent certification by a panel of the appropriate court of appeals. Furthermore, 28 U.S.C. § 2255 provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244 stating in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The authority cited by defendant does not allow this court to consider defendant's § 2255 without appellate approval. Therefore, defendant's motion to reconsider is denied.

IT IS ORDERED:

1. Defendant's motion to reconsider (Filing No. 137) is denied.

2. Defendant's motion for disposition of the case (Filing No. 138) is denied as moot.

3. The Clerk of Court is directed to send defendant a copy of this Memorandum and Order at his last known address.

DATED this 21st day of September, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge